TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION
COMPANY *v.* STEVENSON.

[No. 23,307.   Filed June 27, 1919.   Rehearing denied February 5,
1920.]

1. RAILROADS. — *Crossing Accidents.* — *Contributory Negligence.* —
*Failure to Look.*—The plaintiff, in attempting to cross the defendant's tracks in a buggy, was not excused from looking for the approach of cars because the buggy top was up and the curtain down. p. 104.

2. PLEADING.—*Complaint.—Negligence.—Contributory Negligence.*—
In an action against a railroad company for injuries, a complaint showing contributory negligence is insufficient unless further allegations show that the contributory negligence does not bar recovery. p. 104.

3. RAILROADS.—*Crossing Accidents.—Last Clear Chance.*—Where the motorman of an interurban car when 500 feet from a private crossing, having an unobstructed view thereof, saw the plaintiff's vehicle approaching it from a distance of sixty feet, and knew that the plaintiff had no knowledge of the approaching car nor of her perilous situation, and, though he could have stopped the car 100 feet from the crossing, failed to do so, but negligently approached the crossing at a speed of thirty-five to forty-five miles an hour, thus striking the vehicle and injuring the plaintiff, the facts were sufficient to show liability of the defendant railroad company under the doctrine of last clear chance, notwithstanding the plaintiff's contributory negligence. pp. 104, 108.

4. RAILROADS.—*Crossings.—Care Required.—Last Clear Chance.*—
Where a traveler approaching a railroad crossing is in a perilous situation due to his own negligence, and the peril is known to the company's employe in charge of a train in time to avoid a collision, a special duty rests upon the employe to take advan-

tage of his opportunity to avoid the collision under the doctrine of last clear chance, and such duty continues while the peril lasts, whether the negligence of the traveler continues or is concurrent, or whether the traveler becomes duly, though ineffectively, diligent. p. 105.

5. RAILROADS.—*Crossings.—General and Special Duty.—When Contributory Negligence a Defense.*—Though no special duty to use due care arises in favor of a traveler in a perilous situation at an interurban crossing unless the motorman in charge of an approaching car has actual knowledge of the traveler's peril, a general duty exists, in the absence of such actual knowledge, to use due care for the protection of persons who may or may not be in danger at crossings, but not known to be in danger; and, though contributory negligence is a defense when the general duty of the motorman is violated, it is not a defense to the violation of the special duty unless the motorman did not know of the traveler's peril. p. 105.

6. RAILROADS.—*Crossing Accidents.—Contributory Negligence as a Defense.—Last Clear Chance.*—Contributory negligence is a defense to the violation of the general duty which an interurban railroad company owes to all travelers upon its crossings; and, though it is not a defense to the violation of the special duty which arises in favor of a person in a perilous situation at a crossing, a continuance of such negligence is a defense if the motorman did not know of the peril thereby created, and this is true even though the motorman were negligent in not knowing. p. 106.

7. RAILROADS.—*Crossing Accidents.—Due Care.—Speed of Car.*— When the motorman of an interurban car saw the horse and buggy which the injured plaintiff was driving turn from a highway, lying parallel to the defendant's tracks, and approach a private crossing over the defendant's right of way, it became his duty to observe due care, an element of which was the speed of the car. p. 109.

8. RAILROADS.—*Crossing Accidents.—Last Clear Chance.—Knowledge of Peril.—Proof.*—In establishing the motorman's knowledge of the injured plaintiff's position of peril at an interurban railroad crossing, it is only necessary that such facts and circumstances be shown as would cause a reasonably prudent person to apprehend or realize that the plaintiff probably did not know of the peril, and that the peril would continue; and the proof of such facts and circumstances is admissible under the general denial. p. 110.

9. RAILROADS.—*Crossing Accidents.—Knowledge of Motorman.— Sufficiency of Evidence.*—In an action against an interurban rail-

road for injuries sustained by the plaintiff at a crossing, evidence
that the motorman when 500 feet from the crossing saw the
horse which the plaintiff was driving turn in a trot from a
highway sixty feet from the crossing to a private way over the
crossing, and that the horse continued to trot the entire sixty
feet, was sufficient to warrant an inference that the plaintiff did
not know of the approach of the car and also that the motorman
knew that the plaintiff was probably unaware thereof, the motor-
man having seen no act indicating that the horse would be stopped.
p. 110.

10. APPEAL.—*Harmless Error.*—*Evidence.*—In an action against an
interurban railroad company for injuries sustained by the plain-
tiff, error, if any, in refusing to permit the motorman, plaintiff's
witness, to answer as to the distance required to stop a car
traveling thirty miles an hour, was harmless, since the defendant
could have avoided the harm by adopting the witness or by calling
him in defense. p. 111.

11. EVIDENCE.—*Answer of Medical Expert.*—*Speculation.*—In an
action for personal injuries, a physician's answer as an expert
that the injury "might" permanently affect the plaintiff's nervous
system was not objectionable as being speculative. p. 112.

12. RAILROADS.—*Trial.*—*Crossing Accidents.*—"*Last Clear Chance.*"
—*Instruction.*—In an action against an interurban railroad for
injuries sustained by the plaintiff at a crossing, recovery being
sought under the doctrine of last clear chance, an instruction that,
"If the motorman * * * saw * * * and realized or should
have realized the peril, it was his duty," etc., was not objection-
able as omitting the element of actual knowledge of the plaintiff's
peril and as rendering the defendant liable if the motorman failed
to use ordinary care to discover it; especially is this true where
the jury was repeatedly informed that a finding that the motor-
man should have known would not be sufficient. p. 112.

13. TRIAL.—*Instruction.*—*Cure of Error.*—In an action against an
interurban railroad company for injuries sustained by the plain-
tiff in a crossing accident, an instruction containing the expres-
sion that it was the motorman's duty to use "every reasonable
means" to avoid the accident, though objectionable, was harm-
less, in view of other instructions from which the objectionable
expression could be fairly construed as such means as a reason-
ably prudent person would use under like circumstances. p. 115.

14. TRIAL.—*Instruction.*—*Cure of Error.*—In an action for personal
injuries, the omission in an instruction to limit the amount of
damages to the showing made by the evidence of the extent of
the injury and suffering, was not reversible error where other

instructions informed the jury that this verdict must rest on the evidence and the law as stated.   p. 115.

15. TRIAL.—*Instruction.—Repetition.*—Requested instructions which were fully covered by others given were properly refused.   p. 115.

From Vermillion Circuit Court; *Barton S. Aikman,* Judge.

Action by Emma L. Stevenson against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for the plaintiff, the defendant appeals.   (Transferred from the Appellate Court under Acts 1901 p. 590, §1405 Burns 1914.)   *Affirmed.*

*McNutt, Wallace & Sanders, Conley & Conley* and *W. H. Latta,* for appellant.

*James E. Piety, John O. Piety, H. B. Aikman* and *William F. Elliot,* for appellee.

HARVEY, J.—This cause was transferred to the Supreme Court under Acts 1901 p. 590, §1405 Burns 1914.

Appellee was injured by a collision at a private crossing between appellant's interurban car and a buggy in which appellee and her daughter were riding.

The complaint in substance alleges that a public highway near the point in question runs parallel to the interurban track of appellant, and upon the other side of the track from the plaintiff's home; that said crossing is a part of the private drive leading from said highway over the track to her home.

To avoid a judgment upon a verdict for plaintiff appellant relies upon allegations of error in overruling its demurrer to the complaint; and overruling its motion for a new trial.

By a fair construction it appears from the allega-

104    SUPREME COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Stevenson—189 Ind. 100.

tions of the complaint that as the vehicle turned into said private approach to said track the plaintiff did not look for the car nor did her daughter, who was driving. It is not alleged that there were obstructions preventing them from seeing the car. It is not alleged that they listened for a car, nor that there was anything to prevent them from hearing had they listened. It is alleged indirectly that neither of them knew of the car's approach, and that in such ignorance they continued to approach, and drove upon the track.

The fact alleged that the buggy top was up and the back curtain thereof down does not excuse those in the buggy for not looking. It rather emphasizes the need of their looking. So considered, the complaint shows contributory negligence, and is therefore insufficient, unless further allegations show that this contributory negligence does not bar recovery.

An effort to show that such contributory negligence does not bar a recovery is found in further allegations to the effect that, when more than 500 feet from this private crossing, the motorman had a clear and unobstructed view of the horse and buggy, and saw it turn from the highway into said private drive at about sixty feet from said private crossing, and knew it was approaching said crossing to go over the same, and he continued to have such unobstructed view until the collision occurred; that the motorman knew that the buggy top was up and the back curtain down, and knew that neither plaintiff nor her daughter knew of the approach of the car, but knew that they were not aware of their perilous situation; that the motorman so

knowing could have stopped said car within a distance of 100 feet before reaching said crossing, but the motorman, notwithstanding said knowledge, wrongfully, carelessly, and negligently failed to stop the car or check the speed, and wrongfully, carelessly and negligently ran said car toward and over said crossing without sounding its gong or whistle, or giving any warning of any kind, and so ran said car at from thirty-five to forty-five miles per hour against said horse and buggy; that, if the speed of the car had been checked, plaintiff could have crossed said track in safety, or a warning given to plaintiff would have caused her to stop the horse before reaching the crossing.

These allegations show a clear chance in defendant to have avoided collision after discovery of the peril, which is sufficiently alleged. The alleged discovery by defendant of such chance, and the alleged failure to use due care after such discovery, show a cause of action, notwithstanding plaintiff's admitted negligence.

Appellant asserts that, as the complaint shows that the contributory negligence of plaintiff continued to the time of the collision, and further shows that the negligence of plaintiff was concurrent with the alleged negligence of defendant, the doctrine of last clear chance does not apply.

The traveler's peril known to the motorman creates a special duty to take advantage of his chance, if he have a chance. This duty to avoid a collision continues so long as the peril continues. When a traveler is in a perilous situation resulting from his own negligence, and the peril is known to the motorman, in time to clearly afford an opportunity to avoid injuring the one in peril,

his duty to use the chance arises and continues while the peril lasts, whether the negligence of the traveler continues or is concurrent, or whether the traveler becomes duly, though ineffectively diligent. Neither concurrence nor continuance of the traveler's negligence alone is a defense when the motorman has a last clear chance to avoid the injury by due diligence after the discovery of the peril. Such continuance of the negligence of the traveler would be a defense if the motorman did not know of the peril thereby created, though the motorman was at the time negligent in not knowing. No special duty to use due care in favor of a particular party arises without actual notice of the particular party's peril. A general duty exists, in the absence of such actual knowledge, to use due care for the protection generally of parties who may or may not be in danger at crossings, but are not known to be in danger, and contributory negligence is a defense when this general, and not a specific, duty of the motorman is violated.

We are aware that in *Wabash R. Co.* v. *Tippecanoe, etc., Trust Co.* (1912), 178 Ind. 113, 98 N. E. 64, 38 L. R. A. (N. S.) 1167, it is said that concurrent negligence of the injured prevents the application of the doctrine of last clear chance. While in the case referred to the injured party claimed exemption from the consequences of his own negligence by asserting that the defendant had a clear chance to save him, the facts disclose no such chance; they tend only to show negligence on the part of the defendant in not knowing the peril of the plaintiff, and it was the absence of knowledge in said cause, and not concurrent negligence, that prevented the application of the doctrine of last clear chance.

There are some expressions in the opinion in *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091, to the effect that if the motorman, in the exercise of due care, should have known of plaintiff's peril, there was a liability, though the injured was also negligent. We do not believe, however, that such expressions control the real meaning and effect of such opinion. The opinion clearly defines the special duty arising from knowledge, and separates a case wherein knowledge exists from a case wherein only the general duty, which is also clearly defined, to the public about and upon the highway is involved. The Appellate Court in *Union Traction Co.* v. *Bowen* (1914), 57 Ind. App. 661, 103 N. E. 1096—the opinion being written by the judge who wrote the opinion in the Croly case—emphasizes the distinction.

The decisions of this and the Appellate Court requiring knowledge may be found in the following: *Evans* v. *Adams Express Co.* (1890), 122 Ind. 362, 366, 23 N. E. 1039, 7 L. R. A. 678; *Cincinnati, etc., R. Co.* v. *Long, Admr.* (1887), 112 Ind. 166, 13 N. E. 659; *Indianapolis, etc., R. Co.* v. *Pitzer* (1887), 109 Ind. 179, 6 N. E. 310, 10 N. E. 70, 58 Am. Rep. 387; *Wright* v. *Brown* (1853), 4 Ind. 95, 58 Am. Dec. 622; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169, 78 N. E. 210; *Southern Indiana R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589; *Indianapolis Traction, etc., Co.* v. *Smith* (1906), 38 Ind. App. 160, 77 N. E. 1140; *Indianapolis St. R. Co.* v. *Marschke* (1905), 166 Ind. 490, 77 N. E. 945; *Lake Erie, etc., R. Co.* v. *Juday* (1897), 19 Ind. App. 436, 49 N. E. 843; *Dull* v. *Cleveland, etc., R. Co.* (1898), 21 Ind. App. 571, 52 N. E. 1013; *Elwood St. R. Co.* v. *Ross* (1900), 26 Ind. App. 258, 58 N. E.

535; *Citizens' St. R. Co.* v. *Damm* (1900), 25 Ind. App. 511, 58 N. E. 564; *Hammond, etc., R. Co.* v. *Eads* (1903), 32 Ind. App. 249, 69 N. E. 555; *Citizens' St. R. Co.* v. *Lowe* (1894), 12 Ind. App. 47, 39 N. E. 165; *Muncie St. R. Co.* v. *Maynard* (1892), 5 Ind. App. 372, 32 N. E. 343; *Krenzer* v. *Pittsburgh, etc., R. Co.* (1898), 151 Ind. 587, 43 N. E. 649, 52 N. E. 220, 68 Am. St. 252; *Wright* v. *Gaff* (1855), 6 Ind. 416; *Indianapolis, etc., R. Co.* v. *Wright* (1864), 22 Ind. 376; *Summit Coal Co.* v. *Shaw* (1896), 16 Ind. App. 9, 44 N. E. 676.

The foregoing decisions overcome the following to the contrary, wherein the latter call for the application of the rule: *Indianapolis St. R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478; *Indianapolis St. R. Co.* v. *Seerley* (1904), 35 Ind. App. 467, 72 N. E. 169, 1034.

The last clear chance contemplates a peril which the motorman knowing can avoid by due care. To hold that his failure to use due care after 3. learning, and thus having an opportunity to avoid the injury—in other words, to hold that after having the last clear chance he is excused if the traveler's negligence continues, or concurs—is to destroy the last clear chance doctrine, and to hold that contributory negligence is a defense under such circumstances.

The rules relating more properly to proximate and remote cause should not be confused with rules defining the relative obligations of the parties where the plaintiff is in peril and the defendant knows it in time to avoid the collision. The cause of the peril seen, whether it be contributory negligence in its broadest sense, or continued contributory negligence, or concurring contributory negligence, or accident, is im-

material. The failure of the motorman to perform the special duty raised by his knowledge of the peril, and by his opportunity, is the actionable cause.

The better holding, indeed the holding that in recent years has been most frequently announced, is that it is a negligent failure to avoid a discovered peril that makes applicable the rule of last clear chance. See notes in 7 L. R. A. (N. S.) 132; 36 L. R. A. (N. S.) 957; 38 L. R. A. (N. S.) 1167; 20 R. C. L. 117-143. To hold otherwise is to permit a comparison in degree of the negligent acts of the respective parties, and misapply the doctrine of proximate and remote causes.

Appellant asserts that it is not alleged that the high rate of speed of the car proximately caused or contributed to the injury. In view of the fact that the main public highway paralleled the track, the motorman was, so far as persons traveling the parallel highway were concerned, justified in this case in running at any rate of speed needed in appellant's public service. Neither the motorman nor the traveler on the parallel highway then owed the other any duty, so far as this case is concerned. When, however, the motorman saw the horse leaving the parallel highway and turning to go in over the crossing, and knew it was approaching said crossing for the purpose, it became the duty of the motorman to observe due care, and then the high speed alleged became important as one of the elements to be considered in determining what was due care under the circumstances.

It is not the theory of the complaint that the speed was the cause. It is the theory rather that, notwithstanding the speed of the car, it could have been

stopped, or checked, or a signal given, in time to have avoided the collision had the motorman used due care. His failure so to do is alleged to be the proximate cause.

The demurrer was properly overruled.

.It is claimed that the motion for a new trial should have been sustained because of the insufficiency of the evidence, particularly in that there is no evidence to sustain the allegation that the motorman knew in time to stop or check the speed of the car that the occupants of the buggy did not know of its approach.

It is true that there is little positive or direct evidence relating to these allegations. The motorman admits that he saw the buggy traveling the parallel road when he was 800 or 900 feet from the crossing, and that he saw the horse turn into the curve to the private drive leading to the crossing. He testifies that the horse was trotting when he first saw it, and there was testimony that it continued to trot after turning until it reached the crossing. The evidence is undisputed that the distance from the traveled portion of the highway to the track, measured with the curve of the private driveway, is not more than sixty feet. The appellee testified that she knew nothing of the car until her horse was on the crossing.

The jury might reasonably infer that one allowing the horse to trot the entire sixty feet on the drive that led only to the crossing did not know of the approach of the car, and might also reasonably have inferred that, as the motorman saw the vehicle approaching the track, and saw no act indicating that the horse's movement would be checked, he did know that the occupants of the buggy were probably unaware of the car's approach,

and would enter upon the crossing. It is not necessary that the plaintiff prove that the motorman knew the state of her mind. It is only necessary that such facts and circumstances be shown as would cause a reasonably prudent person to apprehend or realize that she probably did not know of her peril, and that the peril would continue.

Proof of such facts and circumstances is permissible under the allegation that he knew that she did not know.

Considering these undisputed facts, and all the other evidence and circumstances before the jury, we cannot say that the evidence was insufficient.

The witness McClain, motorman, called as a witness by the plaintiff, was asked on cross-examination, "How far it takes to stop this car when it is going at the rate of thirty miles per hour?"

Objection that this was not cross-examination was sustained. The plaintiff had not asked, so far as the brief discloses, anything on this subject. The chief object in calling the witness was to show his knowledge of the presence of the buggy and his distance from it when he first saw it. We doubt whether this was proper cross-examination, but, if it was, no harm justifying a reversal results from the ruling. The witness was then the defendant's motorman. The court may in its discretion have deemed it best to confine the cross-examination within narrow limits. The defendant could have avoided the harm, if any, by adopting the witness or calling him in defense, neither of which the defendant did.

Appellant asserts that its motion for a new trial should be sustained because of the court's refusal to

112          SUPREME COURT OF INDIANA,

Terre Haute, etc., Traction Co. *v.* Stevenson—189 Ind. 100.

strike out the words "it might" from the answer of Dr. Combs to a question as to whether the injury would permanently affect plaintiff's nervous system. The basis of the motion was that the answer was speculative. An expert may answer such a question. One not specially learned cannot know, or intelligently answer, as to such matter. One specially learned cannot in many cases be positive, and can only express a general conclusion in indefinite terms. The doctor was the one to know how definite the answer could truthfully be made. Such an answer by one so skilled is not speculative.

Instruction No. 8, given, is criticized because it is said to omit the element of actual knowledge of the motorman as to plaintiff's peril, and renders the defendant liable in this case if the motorman failed to use ordinary care to discover it. We do not so read the instruction. It says, "If * * * the motorman saw * * * and realized, or should have realized the peril," it was his duty, etc. Knowledge of the peril made it his duty to realize. His failure to realize after discovery is the negligence. On this point the instruction is supported by *Evansville, etc., Traction Co.* v. *Johnson* (1913), 54 Ind. App. 601, 608, 610, 97 N. E. 176.

The trial court repeatedly informed the jury that knowledge of the danger was necessary, and that the theory of the complaint would not support a verdict if the jury found only that the motorman should have discovered or known of the danger.

The above observations also answer appellant's objection on similar grounds to instruction No. 20.

Further complaint is made of instruction No. 8 because it tells the jury that it was the duty of the

motorman "to have used every reasonable means to have avoided" the collision.

While we do not approve the use of the terms "every reasonable means" in this connection, we are of opinion that, when said words are considered with other instructions to the effect that such care

13. as a reasonably prudent person would use under like circumstances measures the motorman's obligation, there was no reversible error. The words "reasonable means" may be fairly construed, and must have been understood by the jury, to mean such means as a reasonably prudent person would use under like circumstances.

Complaint is made of instruction No. 22 because it omitted to limit the amount of damages to the showing made by the evidence of the extent of the

14. injury and suffering. This limitation, but as expressly stated in this instruction, but, as other instructions informed the jury that their verdict must rest on the evidence and the law as stated, the omission does not justify a reversal.

Complaint is made of the giving of, and the refusal to give, other instructions. We have considered all such complaints. Many of such objections are

15. based upon alleged omissions of what we find to be single elements fully covered by other instructions. Some are asserted to be assumptions invading the province of the jury; but the instructions as a whole show that the court submitted the matter of such alleged assumptions to the jury in other instructions.

In view of the very full instructions given, and the fact that they carefully limited the case submitted to

the specific case made by the complaint, we cannot see that the defendant was harmed.

The judgment is affirmed.

### ON PETITION FOR REHEARING.

PER CURIAM.—The language of this opinion is not to be taken to apply to cases involving antecedent and subsequent negligence. *Indianapolis Traction, etc., Co. v. Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091.

Petition for rehearing overruled.

Harvey, J., absent.