## Doolittle *v.* Union Traction Company.

[No. 11,446. Filed March 29, 1923. Rehearing denied June 20, 1923. Transfer denied February 29, 1924.]

1. RAILROADS.—*Last Clear Chance.*—*Contributory Negligence.*— *Instruction.*—In an action against an interurban railroad company for injury to plaintiff while walking on and along the track in the nighttime, by reason of the failure of the defendant's employes in charge of a car to exercise reasonable care to avert the injury after discovering plaintiff's peril, an instruction which authorized a recovery by the plaintiff under the rule of "last clear chance," unless he was guilty of negligence in walking on and along defendant's tracks, is erroneous,

Doolittle *v.* Union Traction Co.—81 Ind. App. 184.

for the reason that where the rule of "last clear chance" is applicable, contributory negligence does not prevent a recovery. p. 187.

2. NEGLIGENCE.—*Last Clear Chance.—Applicability.—Pleading.*—In order that the rule of "last clear chance" may apply, the injured party must be in a position of peril, and his position of peril must be actually known to the defendant in time that the latter, by the exercise of reasonable care, can avoid the injury, and it is not sufficient to allege that the defendant, by the exercise of reasonable care, could have discovered the plaintiff in his perilous position. p. 189.

3. NEGLIGENCE.—*Last Clear Chance.—Contributory Negligence Inapplicable.*—Contributory negligence of the plaintiff is a defense to a general charge of negligence, but it is not applicable where the negligence charged is failure to exercise reasonable care to avert injury after discovering plaintiff's peril in a position of danger, that is, failure to use and exercise the "last clear chance" to avoid the accident. p. 189.

4. NEGLIGENCE.—*Last Clear Chance.—Pleading.—Proof.—Instruction.*—An allegation in a complaint charging that defendant negligently ran its electric railway car without a headlight and without giving any notice or warning, and, in "approaching said plaintiff from the rear, said defendant negligently and carelessly ran said car upon and against said plaintiff," is sufficient to admit proof of, and authorize an instruction relating to, the rule of "last clear chance." p. 189.

5. RAILROADS.—*Last Clear Chance.—Contributory Negligence.—Instruction.*—In an action against an interurban railway company for personal injuries resulting from the negligence of the employes of defendant in negligently operating a car after discovering plaintiff's peril while walking along the track in the nighttime, an instruction which precluded recovery by the plaintiff if he was guilty of contributory negligence in walking on and along defendant's track would have been proper in the absence of any evidence justifying the application of the doctrine of "last clear chance," or if it left the jury free to apply the rule of "last clear chance," otherwise not. p. 190.

From Marion Superior Court (A4,280); *Linn D. Hay,* Judge.

Action by Roy H. Doolittle against the Union Traction Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*William S. Hogsett, Murat Boyle* and *U. C. Stover,* for appellant.

*J. A. VanOsdol, Ralph K. Kane* and *Gideon W. Blain,* for appellee.

McMAHAN, J.—Complaint by appellant for personal injuries alleging in substance that appellee owned and operated an electric railway from Indianapolis to Anderson and passing Fort Benjamin Harrison, the line being double tracked between Indianapolis and Fort Benjamin Harrison. On September 21, 1917, Lawrence, a station on said railway was located a short distance west of the fort; that on said day and for many years prior thereto, it had been the custom of soldiers stationed at the fort to use appellee's tracks and the space between the tracks in walking to and fro between the fort and said station at Lawrence; that hundreds of soldiers would each day so use said tracks and the space between them, which custom was and for a long time had been well known to appellee; that on the evening of said day, appellant with another was walking on and along the space between the tracks where it was customary for people to walk, going from the fort to the said station at Lawrence; that in so doing, appellant, as he walked along, looked behind him several times to see if any car was approaching from the rear; that he saw none and had no notice or knowledge that one was so approaching, but that while he was so walking between the tracks, appellee negligently ran a passenger car on the north track, in the same direction he was going, at a speed of twenty-five miles an hour, without a headlight, although it was then dark, and without giving any signal or warning, by sounding whistle, bell or gong, or otherwise, of the approach of such car from the rear and that appellee negligently ran such car against appellant from the rear striking

and injuring him; that the motorman in charge of said car "saw or by the exercise of ordinary care and diligence could have seen plaintiff near said track in time to have stopped said car or slowed the same down to such an extent that the injury to plaintiff could have been thereby avoided; that said car was run and caused to be run by defendants in a negligent and reckless manner as aforesaid onto and over plaintiff, injuring him as herein averred, after the employes of defendant in charge of said car saw, or by the exercise of ordinary care could have seen, plaintiff's perilous position in time to have avoided said injury"; that the injury to appellant was caused solely because of the negligence of appellee in operating its car in the negligent manner above described.

There was a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, the overruling of which is assigned as error.

Appellant contends that the court erred in giving instruction No. 10, wherein the court instructed the jury to the effect that if the place where appellant was struck was at that time and for a long period prior thereto had been frequently used by pedestrians as a passway in going to and from the station at Lawrence and that, while appellant was walking along the tracks, he became in imminent peril of being struck by one of appellee's cars, and appellee's employes in charge of such car became aware of his dangerous situation in time to have enabled them, in the exercise of reasonable care, to have averted the injury to appellee and that by reason of such failure appellant was struck and injured, the jury should find for appellant, "unless the jury find that the plaintiff was guilty of negligence in walking on and along defendant's track at that time and place."

Appellee makes no claim that the instruction as given correctly states the rule of last clear chance, but says that, under the allegations of the complaint, and under the evidence, the rule of last clear chance was not applicable, and that there was, therefore, no error in instructing the jury that appellant could not recover if he was guilty of contributory negligence. Except for that part of the instruction quoted, it correctly stated the rule of last clear chance, but the court by adding the part quoted rendered its giving erroneous. The Supreme Court in *Terre Haute, etc., Traction Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785, 126 N. E. 3, in discussing this question said: "The traveler's peril known to the motorman creates a special duty to take advantage of his chance, if he have a chance. This duty to avoid a collision continues so long as the peril continues. When a traveler is in a perilous situation resulting from his own negligence, and the peril is known to the motorman, in time to clearly afford an opportunity to avoid injuring the one in peril, his duty to use the chance arises and continues while the peril lasts, whether the negligence of the traveler continues or is concurrent, or whether the traveler becomes duly, though ineffectively, diligent. Neither concurrence nor continuance of the traveler's negligence alone is a defense when the motorman has a last clear chance to avoid the injury by due diligence after the discovery of the peril. Such continuance of the negligence of the traveler would be a defense if the motorman did not know of the peril thereby created, though the motorman was at the time negligent in not knowing. No special duty to use due care in favor of a particular party arises without actual notice of the particular party's peril. A general duty exists, in the absence of such actual knowledge, to use due care for the protection generally of parties who may or may not be in danger, * * *

and contributory negligence is a defense when this general, and not a specific duty of the motorman is violated."

That part of the complaint quoted wherein it is alleged that the motorman "saw or by the exercise of ordinary care and diligence could have seen" appellee in time to have avoided the injury is not sufficient to charge last clear chance.   In order that the rule of last clear chance may apply, the injured party must be in a position of peril, and his position of peril must be actually known to the defendant in time that the latter, by the use of reasonable care, can avoid the injury.   The allegation that appellee by the exercise of reasonable care could have seen appellant in a position of peril is no more than a charge of negligence in failing to use ordinary care to discover the perilous position.   Where the rule of last clear chance is applicable, contributory negligence does not prevent a recovery; but, where the defendant is negligent in failing to use ordinary care to discover the plaintiff's perilous situation, the rule of last clear chance has no application and contributory negligence may prevent a recovery.   *Terre Haute, etc., Traction Co.* v. *Stevenson, supra.*

2, 3.

While that part of the complaint above quoted and referred to does not sufficiently charge negligence on the part of appellee in failing to take advantage of the last clear chance, the complaint does, in another place, contain a general allegation of negligence which is sufficient for that purpose.   It is specifically alleged that appellee negligently ran the car without a headlight and without giving any notice or warning of its approach, and that in "approaching said plaintiff from the rear, said defendant negligently and carelessly ran said car upon and against said plaintiff." This is a sufficient allegation under which to admit proof

4.

and to authorize an instruction relating to the rule of last clear chance. *Indianapolis, etc., Traction Co.* v. *Senour, Admx.* (1919), 71 Ind. App. 10, 22; *Indiana, etc., Traction Co.* v. *Myers* (1911), 47 Ind. App. 646.

Appellee also contends that the evidence was not such as to authorize or justify the giving of an instruction on the rule of last clear chance. In this, however, we think appellee is mistaken. We have carefully read the evidence and are of the opinion that it is sufficient to warrant the giving of such an instruction.

The court also erred in giving instruction No. 15, wherein the jury was told that if appellant, in the exercise of ordinary care, knew or could have known he was walking on or near the track, he was charged with knowledge that cars were liable to pass over the tracks and that it was his duty to exercise ordinary care to look and listen, and, if he failed so to do and was struck by a car, he would be guilty of contributory negligence and could not recover. This instruction would have been proper in the absence of any evidence justifying the application of the doctrine of last clear chance, or if it had been so worded as to have left the jury free to apply the rule of last clear chance.

We hold that the giving of instructions Nos. 10 and 15 was reversible error. The judgment is reversed, with directions to sustain the motion for a new trial and for further proceedings as may be proper and consistent with this opinion.