William EICHOLTZ, Plaintiff-Appellant,

v.

Melvin HOBSON, Clelon Hobson and William T. Bennett, Defendants-Appellees.

William EICHOLTZ, Plaintiff-Appellant,

v.

Melvin HOBSON, Defendant-Appellee.

Nos. 14077, 14078.

United States Court of Appeals Seventh Circuit.

Sept. 27, 1963.

Joseph A. Rosin, William C. Wines, James B. Martin, Chicago, Ill., for appellant.

Bernard A. Petrie, Edmond J. Leeney, Hammond, Ind., Friedrich, Petrie, Tweedle & O'Connor, Hammond, Ind., for defendant-appellee Melvin Hobson.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, William Eicholtz, brought two suits in the United States District Court against defendants, Melvin Hobson, Clelon Hobson and William T. Bennett, to recover damages for personal injuries allegedly caused by their negligence. The two actions were consolidated for trial and later for this appeal.

At the conclusion of plaintiff's evidence in the District Court, motion to dismiss Clelon Hobson was granted. The District Court made findings of fact and reached conclusions of law favorable to the two remaining defendants for whom judgment was entered. This appeal followed.

This Court subsequently dismissed the appeal as to the defendant, William T. Bennett.

The testimony at the trial showed some conflicts and inconsistencies. The parties agree that the issues of fact and the questions of credibility of the various witnesses were properly matters for determination by the Trial Court, and that we may not disturb the Trial Judge's findings of fact unless we find them to be clearly erroneous. Federal Rules of Civil Procedure, Rule 52(a). The parties also agree that the defendant, Melvin Hobson, as the prevailing party, is entitled to have the evidence viewed in the light most favorable to him. Lewis Mach. Co. v. Aztec Lines, 7 Cir., 1949, 172 F.2d 746, 748.

The Trial Court found that the accident out of which these suits arose occurred on Summer Street (a two-lane

public highway, about 26 feet wide, running east and west) east of Summer Street's intersection with Birch Street (which runs north and south, and which deadends at Summer Street, forming a "T" with it), in Hammond, Indiana. The time was 6:45 p. m. on December 26, 1959. It was a wet and rainy evening.

Mr. Hobson was driving his automobile east on Summer Street. Plaintiff left a tavern which faces north on Summer Street, just east of Birch Street. He testified that he walked north, out to the sidewalk on Summer Street, saw the headlights of an automobile coming from the west about one-half block away. He said he waited for the automobile on the parkway area between the sidewalk and the pavement of Summer Street. This was not at an intersection or crosswalk. He testified that he also saw the headlights of another automobile behind the first automobile approaching from the west. He stated that the first automobile slowed and came to a full stop, that he then crossed the street, in front of the stopped automobile, heard a crash, and remembered nothing more.

Both Mr. Hobson and Mr. Bennett, the drivers of the first and second automobiles, respectively, testified at the trial. Other witnesses included the investigating police officer and the bartenders of two taverns which plaintiff had visited prior to the accident.

The Trial Judge found that Mr. Hobson, driving east on Summer Street, approached the plaintiff who was staggering on the berm off the paved portion of Summer Street; that Mr. Bennett was driving his automobile along Summer Street about 45 feet behind Mr. Hobson's automobile, both automobiles traveling at speeds not in excess of 30 miles per hour on the wet pavement of Summer Street. He also found that Mr. Hobson vigorously applied his brakes when it became apparent that plaintiff was going to enter onto the paved portion of Summer Street, and that Mr. Bennett did the same. He found, further, that when plaintiff staggered onto the paved portion of the street, plaintiff was struck by the left

front of the automobile driven by Mr. Hobson. At approximately the same time, Mr. Hobson's car was struck in the rear by the automobile driven by Mr. Bennett. The District Court held that plaintiff's own negligence in staggering onto the traveled portion of a highway in an intoxicated condition (at a point other than a crosswalk or intersection) in front of oncoming traffic, failing to yield the right of way to the defendants, who were properly using the highway, was a proximate cause of his injuries.

Plaintiff invites our attention to certain portions of the evidence. He notes that the impact is said to have occurred 60 to 70 feet east of Birch Street; that his body after the impact was placed, by the investigating police officer, at about 8 feet west of a manhole in the street, or 100 feet east of the east line of the intersection of Summer and Birch Streets; that Mr. Hobson, himself, at one point testified that he first observed plaintiff from half a block away (which he also estimated at 25 to 30 feet) and further stated that he had time to stop his automobile before plaintiff crossed. Mr. Hobson also testified that he did in fact bring his automobile to a stop; that he did not think his own car would have struck the plaintiff had it not, in turn, been struck from the rear by Mr. Bennett's automobile. Mr. Bennett testified that he saw Mr. Hobson the day after the accident. He stated that Mr. Hobson had told him that Mr. Bennett's small Renault Dauphine automobile had not pushed Mr. Hobson's Pontiac Sedan against the plaintiff.

Plaintiff's position is that the District Court erred in failing to apply the Indiana doctrine of the last clear chance to find Mr. Hobson liable to plaintiff. Indianapolis Traction & Terminal Co. v. Croly, 1911, 54 Ind.App. 566, 578, 96 N.E. 973, 978, 98 N.E. 1091. Terre Haute, I. & E. Traction Co. v. Stevenson, 1919, rehrg. den. 1920, 189 Ind. 100, 108–109, 123 N.E. 785, 787, 126 N.E. 3. He reasons as follows: (1) Plaintiff was struck by the left front fender of the Hobson car. (2) Mr. Hobson saw plain-

tiff staggering, and must have known he was intoxicated and evidently unaware of his own danger. (3) Mr. Hobson had time to stop. (4) The Trial Court, in failing to find that Mr. Hobson came to a full stop, and in failing to find Mr. Bennett liable to plaintiff, evidently discredited Mr. Hobson's and plaintiff's testimony to the effect that Mr. Hobson had stopped. (5) Although plaintiff was guilty of continuing contributory negligence, Mr. Hobson observed his peril, had an opportunity to avoid injuring plaintiff and failed to take the steps reasonably necessary to avoid the injury, either by stopping or by driving diagonally one or two feet to the south and east where there was a wide berm south of Summer Street.

As indicated, there were conflicts in the evidence, particularly as to the distances involved. The site of the accident was put variously at somewhere between 20 to 60 or 70 feet east of Birch Street. Plaintiff said that he saw Mr. Hobson's automobile coming from half a block away. Although Mr. Hobson also said that he saw plaintiff while half a block away from him, Mr. Hobson estimated half a block to be only 25 to 30 feet. Mr. Hobson stated that he slowed down at once, and the District Judge found that he "vigorously applied his brakes" when it became apparent that plaintiff was going to enter onto the paved portion of Summer Street.

Viewing the evidence, as we must, in the light most favorable to Mr. Hobson, we must conclude that plaintiff, when first seen by Mr. Hobson, was in a place of safety. From his own testimony, it appears that plaintiff stood there in safety watching the visible approach of Mr. Hobson's automobile. Only when that automobile was within a short distance from him, did plaintiff leave his place of safety to step into the path of the oncoming traffic. We see no room for application of the doctrine of the last clear chance which has been so strongly urged by the plaintiff.

The judgment of the District Court is affirmed.