HELDT *v.* THOMPSON.

[No. 12,771.    Filed June 10, 1927.]

1. NEGLIGENCE.—*Burden of proving freedom from contributory negligence is on plaintiff in action for injuries to property.*—In an action for damages to property resulting from the negligent operation of an automobile, the burden rests upon the plaintiff to prove his own freedom from contributory negligence.    p. 271.

2. NEGLIGENCE.—*Instruction as to "last clear chance" must relate to known peril.*—In an action to recover damages resulting from the negligence of the defendant, an instruction that if the jury should find that, immediately prior to the accident, the plaintiff was guilty of negligence which contributed to the injury, but that if the defendant "could have known of it by the exercise of ordinary care," such negligence would not prevent plaintiff's recovery, was erroneous, as the doctrine of "last clear chance" is applicable only to a known peril to plaintiff and not to one that could have been known by the exercise of due care.    p. 271.

3. NEGLIGENCE.—*"Last clear chance" doctrine, when applicable.*—The doctrine of "last clear chance" is applicable only when plaintiff's peril is actually known to the defendant and the injury could have been avoided by the exercise of due care, not when such peril could have been discovered by the exercise of due care.    p. 271.

From Pike Circuit Court; *John F. Dillon*, Judge.

Action by H. Leonard Thompson against Fred H. Heldt. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the court in banc.

*Harvey Harmon* and *Carl M. Gray*, for appellant.
*Nat H. Youngblood*, for appellee.

REMY, J.—Appeal from a judgment for appellee on complaint alleging that appellant's negligent operation of an automobile caused it to collide with and injure appellee's automobile. Overruling motion for new trial is the one error assigned, and the only questions properly saved and presented relate to the action of the court in giving certain instructions on its own motion, and in refusing to give certain others tendered by appellant.

On the trial, the important issue of fact was as to the cause of the collision, it being a defense of appellant that appellee's negligence in the operation of his

1. car was a proximate cause of the collision and alleged injury, on which issue, the court by its instruction No. 7 told the jury that the burden of proof was upon the appellant. The giving of this instruction was error. The action is to recover damages for injury to personal property, and, in such an action, the burden rests upon the plaintiff to prove his own freedom from contributory negligence. *Rhea* v. *Sawyer* (1913), 54 Ind. App. 512, 102 N. E. 52.

By instruction No. 9, an instruction as to the doctrine of the last clear chance, the court told the jury that, even if they should find that at and immediately

2, 3. prior to the time of the collision, the plaintiff was negligently operating his car at an unlawful rate of speed, such negligence would not prevent a recovery, if they further found that defendant knew of plaintiff's negligence, "or could have known of it by the exercise of ordinary care," and could have avoided the collision by the exercise of ordinary care. This is not a correct statement of the law. The last clear chance contemplates a known peril which can be avoided by due care, not a peril which might have been known by the exercise of due care. In other words, it is the negligent failure to avoid a discovered peril that makes applicable the rule of last clear chance. *Terre Haute, etc., Trac-*

*tion Co.* v. *Stevenson* (1919), 189 Ind. 100, 123 N. E. 785. See, also, *Pittsburgh, etc., R. Co.* v. *Lambert* (1922), 79 Ind. App. 133, 137 N. E. 560; *Indianapolis Traction, etc., Co.* v. *Croly* (1914), 55 Ind. App. 543, 104 N. E. 328; *Evansville R. Co.* v. *Miller* (1916), 64 Ind. App. 206, 111 N. E. 1031.

Complaint is made of court's instruction No. 1, also that certain instructions given are contradictory. The instructions complained of are subject to criticism, but the defects are of such a nature that they will be corrected without directions from this court, if the cause is retried.

Trial court did not err in refusing to give instructions numbered 8, 15, 16 and 17 tendered by appellant.

Reversed.

Dausman, J., absent.