ZOLUDOW *v.* KEESHIN MOTOR EXPRESS, INC.

[No. 16,620.   Filed May 24, 1941.   Rehearing denied
October 23, 1941.]

*George Kurtz, Walter R. Arnold,* and *Robert Zimmerman,* all of South Bend, for appellant.

*John D. Pfaff,* of South Bend, and *Don F. Kitch* and *Tom R. Huff,* both of Plymouth, for appellee.

STEVENSON, J.—The appellant brought this action against the appellee to recover damages for personal injuries sustained by him as a result of the negligence of the appellee.

The complaint alleged that in St. Joseph County there is a public highway known as U. S. Highway No. 2. The complaint alleged that on the 13th day of April, 1938, the appellant was walking along the paved portion of said highway in an easterly direction; that the appellee at said time was the owner of a truck, which its agent and servant was operating over and along said highway; that the appellee, "then and there through its said employee and truck driver, carelessly and negligently drove and propelled their said truck at a great, unlawful and dangerous speed, and without giving plaintiff any warning of any kind whatsoever, ran upon, against and over him with great force and violence thereby knocking him down and against the hard surface of said highway." The complaint then described the injuries which the appellant sustained and concluded with a prayer for judgment in the sum of $10,000.00.

To this complaint an answer in general denial was filed, and the case was submitted to a jury for trial. The jury, after hearing the evidence, returned a verdict in favor of the appellee; and judgment was rendered on this verdict. Motion for new trial was filed and overruled, and this appeal has been perfected.

The only error assigned on appeal is the alleged error in overruling the appellant's motion for a new trial. Under this assignment of error, the appellant first charges that the court erred in excluding certain proffered evidence.

The evidence discloses that at the time of the accident, one Clarence W. Cox was operating an automobile tractor, with trailer attached, east on said U. S. Highway No. 2, proceeding to his destination in South Bend. The tractor was being operated with head lights dimmed; and the driver testified that he first observed the appellant walking upon the paved portion of the highway ten or twelve feet ahead of the tractor, and about one foot from the south edge of the pavement. The driver of the tractor testified that he swerved his tractor to the left to avoid striking the appellant, and assumed that he had missed him. He traveled about a block and a half east of the point where he had swerved, and then was signaled by the operator of a truck in his rear to stop. Upon returning to the point where he had first seen the appellant, he found him lying unconscious on the south portion of the highway. The appellant had been struck by that portion of the trailer which extended further south than the tractor part which Cox was operating. The equipment driven by Cox was traveling about twenty-five miles per hour, and Cox gave no signal of his approach.

At the trial of this case, the appellant called the said Clarence W. Cox as a witness; and, on his direct exam-

ination, sought to show by the said witness that he was employed on the occasion in question by the appellee, Keeshin Motor Express, Incorporated. The appellant sought to show that the appellee was the owner of the equipment, and that Cox was operating the same in the course of his employment for the appellee. The trial court sustained objections to repeated questions put to the witness Cox on the subject of his employment on the ground that agency cannot be proved by the declarations of an agent. The witness's attention was directed to the day of the accident, and he was then asked this question: "Were you or were you not making a drive for the defendant, Keeshin Motor Express, Incorporated?" After an objection to this question was interposed, the appellant offered to prove that the witness, if permitted to testify, would testify that he was in the employment of the appellee on the evening in question. The court sustained the objection, and this ruling is set forth as one of the grounds for a new trial. A similar objection, on the grounds that agency cannot be proved by the declarations of an agent, was interposed to the following question: "Now then, Mr. Cox, from whom had you received directions to move that load from Michigan City to South Bend on that evening?" The court sustained this objection, after an offer to prove that the instructions had been received from the dispatcher of the Keeshin Motor Express, Incorporated.

It is apparent that the trial court was in error in sustaining the objections to these questions. This is not a case where agency is sought to be established by the declarations of an agent made to some third party. Here the agent was called as a witness in person. "An agent is always, if otherwise competent, a competent witness to establish the fact of

agency." *Hale* v. *Hale* (1920), 74 Ind. App. 405, 415, 126 N. E. 692. This same proposition was before this court in the case of *National Fire Ins. Co.* v. *Pfeil* (1923), 80 Ind. App. 346, 347, 140 N. E. 916. In that case, in discussing this rule, this court said: "Although an agency cannot be proved by declarations of the agent, nevertheless the agent, otherwise a competent witness, may testify to the fact of agency." The witness Cox was a competent witness when called to testify as to the nature and character of his employment by the appellee at the time of the alleged injury. This relationship was material to the issues involved, and it was error to exclude this offered testimony.

The appellant further complains of the refusal of the appellant's tendered instruction number five and one-half, which reads as follows:

"The law does not hold a person who is faced with a sudden danger to the same degree of judgment and presence of mind as would otherwise be required of him under circumstances not fraught with unexpected and unforseeable peril. Nor does the law impose any duty on one to guard against sudden and unanticipated acts of another, in circumstances where an ordinarily reasonable and prudent person would not likely forsee them, for everyone has the right to presume that others will act in a lawful and prudent manner. One is not chargeable with negligence in failing to anticipate the negligence of another, and in not providing against such negligence, consequently one cannot be held imprudent to act upon the presumption that others have done or will do what the law and ordinary care and prudence requires of them, at least until such default or failure becomes obvious.

"So, also, one will not be held guilty of negligence who in the effort to avoid immediate danger, in the exigency of the moment, suddenly, and without time or opportunity for reflection, puts himself in the way of other perils without fault on his part, and particularly so if another has placed him in

such perilous position. The question then is not whether the person acted in that way which, in the light of after events, appeared to be the one most likely to have avoided danger, but you must ask yourselves whether he acted as a person of ordinary prudence and discretion would have acted under the particular conditions confronting him at the time of the accident."

There was evidence to the effect that the appellant was given no warning, by the driver of the appellee's truck, of its approach; and the appellant testified that he was not aware of the approach of the appellee's truck until he heard the rumble of the same immediately behind him. As he turned his head to look to the rear, he was struck by the appellee's truck.

There was also evidence that the driver of the appellee's truck did not see the appellant until he was within six or eight feet from him.

The only other instruction involving the duty which the law imposed upon the appellant for his own safety was the appellant's tendered instruction number five, which defines reasonable care. It is our opinion, that under the circumstances disclosed by the evidence, the appellant was entitled to an instruction as to the duty imposed upon him when suddenly confronted with peril. Our courts have frequently announced the rule, that one in a position of peril, not created by his own negligence, has a right to make a choice of the means to be used to avoid peril, and he is not held to a strict accountability if he takes an unwise course. *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005; *Chicago, etc., R. Co.* v. *Luca* (1930), 91 Ind. App. 521, 170 N. E. 564; *Cole Motor Car Co.* v. *Ludorff* (1916), 61 Ind. App. 119, 111 N. E. 447.

The appellant's tendered instruction number five and one-half was a correct statement of the law applicable

to the appellant's position as disclosed by the evidence, and was not embodied in any other instruction. It was, therefore, error to refuse this instruction so tendered.

In the light of the entire record, we can not say that these errors committed by the trial court were harmless. The court accordingly committed error in overruling appellant's motion for a new trial. For this error, the judgment of the trial court is reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 34 N. E. (2d) 980.