REDD *v.* INDIANAPOLIS RAILWAYS, INC.

[No. 18,081. Filed March 19, 1951. Rehearing denied May 18, 1951. Transfer denied June 20, 1951.]

*Jonas P. Walker*, of Greenfield; *Wilson S. Daily* and *John H. Daily*, both of Indianapolis, for appellant.

*Gilliom, Armstrong & Gilliom*, of Indianapolis; and *Arthur C. Van Duyn*, of Greenfield, for appellee.

CRUMPACKER, J.—The appellant claims to have been injured when a bus, owned and operated by the appellee and in which she was riding as a passenger for hire, collided with a truck on North Meridian Street in Indianapolis, Indiana. Alleging that said collision was due solely to the appellee's negligence, the appellant

sued but was denied relief by a jury and over her motion for a new trial judgment went accordingly.

Among others the court gave three instructions to the jury the propriety of which constitutes the only questions presented by this appeal. We find that we need consider but one. Instruction No. 23 reads as follows:

> "If you find from a preponderance of the evidence that at the time alleged in the complaint the operator of defendant's bus was suddenly placed in a position of hazard which required the operator to act in a sudden emergency to avoid colliding with another motor driven vehicle, then I instruct you that in such an emergency said operator would be required to act only in such manner as would an ordinarily prudent person under the same or similar emergency. Therefore, if you find from a preponderance of the evidence that the bus operator was confronted by a sudden emergency on the occasion in question, and that in such emergency he did what an ordinarily prudent person would have done under the same or similar circumstances, then the plaintiff can not recover in this action."

The appellant contends that this instruction mandates the jury to return a verdict for the appellee if the operator of its bus suddenly found himself in a position of peril and thereafter did all that an ordinarily prudent person would have done in the same or a similar emergency, regardless of the fact that his own negligence may have been responsible for the perilous position in which he found himself. If such be the effect of the instruction it is clearly erroneous. It is universally held that the doctrine of sudden peril has no application to a situation where one who seeks to have the quantum of his care measured by its yardstick, has brought about his perilous position by his own negligence. The peril must have been

caused by the acts or omissions of another if conduct which, in the absence of such peril would be considered negligent, is to be excused or justified under the circumstances. *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N. E. 2d 93. See also 65 C. J. S., Negligence, § 17 (e), p. 412. This state is also thoroughly committed to the proposition that when a court, through an instruction, directs a verdict on condition that the jury finds from the evidence that certain facts exist, such instruction must recite all the facts and conditions essential to such a verdict. If an essential fact is omitted the instruction is erroneous and the error is not cured by supplying the omission in another instruction. *Union Traction Co.* v. *Elmore* (1917), 66 Ind. App. 95, 116 N. E. 837, and cases cited; *Dunbar* v. *Demaree* (1936), 102 Ind. App. 585, 2 N. E. 2d 1003.

The appellee recognizes these rules but denies their application to the instruction under consideration. It contends that the instruction is not mandatory and that its effect was merely to inform the jury as to the care the law required of the bus driver after the emergency arose. That other instructions amply and correctly covered the appellee's responsibility for its negligence prior to that time and when all the instructions are read together they constitute a correct statement of the law. We could agree with the appellee if we were convinced that the instruction is not mandatory but to us it seems to be clearly peremptory in effect. It unequivocally informs the jury that the appellant cannot recover in this action if it finds that on the occasion in question the bus driver was confronted by a sudden emergency and in such emergency he did what an ordinarily prudent person would have done under the same or similar circumstances. Obviously such a finding is not sufficient to

bar a recovery. This court held in *Dunbar* v. *Demaree, supra,* that a tendered instruction was properly refused because it undertook to state the rule applicable to a condition of emergency or sudden peril, in the operation of an automobile, which might excuse a driver from what might otherwise be negligence but failed to include an essential element of the doctrine, to-wit, that the emergency was brought about without the fault of the party who would otherwise be liable. If the law demands the refusal of such an instruction it necessarily follows that the giving of it constitutes error. If the primary purpose of the instruction in question was to inform the jury of the standard of care required of the appellee in an emergency, regardless of who was responsible therefor, the legal effect of the conditional facts recited in the instruction should have been limited to a finding for the appellee as to any negligence in that respect rather than the uncompromising statement that under such circumstances "the plaintiff cannot recover in this action." In our opinion the instruction is mandatory in form and incomplete in substance. The error in its giving is not rendered harmless by the fact that other instruction correctly informed the jury concerning the appellee's duties as a common carrier of passengers and its responsibility for negligence alleged in the complaint if proven. *Moorman Mfg. Co.* v. *Barker* (1942), 110 Ind. App. 648, 40 N. E. 2d 348; *Goodwine* v. *Ayres* (1922), 78 Ind. App. 396, 136 N. E. 24; *Pawlisch* v. *Atkins* (1933), 96 Ind. App. 132, 182 N. E. 636. None of these instructions dealt with the doctrine of sudden peril nor supplied the essential element thereof which the instruction complained of omits, but even though they did so do the error in giving an improper mandatory instruction can be cured only by its withdrawal. *City of Union City* v. *Fisher* (1930), 91 Ind. App. 672, 173 N. E. 330.

Judgment reversed and cause remanded with instructions to sustain the appellant's motion for a new trial.

NOTE.—Reported in 97 N. E. 2d 501.