BUCKNER *v.* WILSON.

[No. 20,606. Filed June 22, 1967. No Petition for Rehearing filed.]

*Richard L. Fairchild* and *Murray, Stewart, Irwin & Gilliom,* both of Indianapolis, for appellant.

*C. Wendell Martin* and *Bredell, Martin & McTurnan,* both of Indianapolis, for appellee.

COOK, J.—This is an action by appellant-plaintiff, Hazel Frances Buckner, to recover damages for personal injuries brought against appellee-defendant, Donald G. Wilson. Said action arises from an automobile-pedestrian collision occurring when appellant was crossing North Belmont Street in Indianapolis at a point in front of her residence. She was struck by an automobile driven by appellee, who was proceeding north on Belmont.

Trial was had by jury, which returned its general verdict in favor of appellee. The sole assignment of error urged upon this appeal is the overruling of appellant's timely motion for new trial.

The specifications of error presented for our consideration are appellee's instructions numbered 10, 18, 19, 23, and 24,

which were given by the trial court, and the court's refusal to give appellant's instruction number 15.

Appellee's instruction number 10 withdrew from the jury's consideration the following allegation of negligence contained in appellant's complaint:

"(e)   In failing to turn his automobile to the left to avoid striking the plaintiff."

Although we do not choose to burden this opinion with a summary of the testimony adduced at trial relative to this allegation of negligence, it will suffice to observe that the evidence revealed that the appellee did turn his automobile to the left in an attempt to avoid striking the appellant, and there is no evidence to the contrary. The trial court's action in refining the issues and removing this allegation from consideration by the jury was, therefore, not erroneous.

Appellee's tendered instruction number 18 reads as follows:

"You are instructed that where a person is confronted with a sudden emergency not of his own making without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment as would be required of him if he had had time for deliberation. Accordingly, if he exercises such care as an ordinary prudent person would exercise when confronted by a like emergency, he is not liable for an injury which resulted from his conduct, even though another course of conduct would have been more judicious or safer or might even have avoided the accident.

"So in this case, if you find that the defendant, Donald G. Wilson, was faced or confronted with a sudden emergency not of his own making and that he then pursued the course that an ordinary prudent person would pursue or follow when confronted by the same emergency, but the collision and accident to the plaintiff, nevertheless, resulted, then the defendant Donald G. Wilson would not be liable, even though you believe that another course of action or conduct than that which he pursued when confronted with the said sudden emergency, would have been more judicious, or safer, or might even have avoided the collision and accident."

The appellant contends that there is "no evidence that the appellee was confronted with a sudden emergency unless it was one of his own creation."

We cannot agree with this contention. The record includes evidence from which the jury could properly have found that the appellant, without any forewarning, walked directly into the path of the appellee's automobile, which was traveling less than the statutory prima facie speed limit of 30 miles per hour, and that any sudden emergency was occasioned by the actions of the appellant, and was not of the appellee's own making. Therefore, there was no error in the giving of this instruction.

Appellant objected to appellee's instruction number 19 "for the reason that it is repetitious of Defendant's Instruction No. 17, simply telling the Jury that one is not bound to anticipate negligence of another whereas Instruction No. 17 tells the Jury that one has the right to assume that others will not be negligent."

Appellant's objection states the difference in subject matter, however slight. Considered together, the instructions present separate, finely spun theories of defense. The instructions are similar, but not identical.

We reaffirm the Indiana Supreme Court, holding in *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. (2d) 847, at p. 553:

> "While this court has long recognized the well known principle that frequent and unnecessary repetition of correct statements of law in instructions may be reversible error, it has been reluctant to reverse a judgment solely on that ground . . . (O)nly in exceptional cases, and particularly where from the whole record we cannot fairly say that a correct result was reached, will we attempt to apply the principle."

Considering all the instructions in the instant case, and applying the above stated criterion, we do not believe the giving of appellee's instruction number 19 is reversible error.

We have examined appellee's instructions numbered 23 and 24 complained of by appellant, and find that the court did not err in giving them to the jury. One instruction relates to appellant assuming the risk of a "known danger, if any" and the other deals with appellant "suddenly walking into the path of appellee's auto, if she did."

Appellant does not contend that the instructions given were erroneous statements of the law. Her only complaint is that they were not applicable to the evidence. Again, we have reviewed the evidence, and have found that the instructions given were applicable thereto.

The trial court refused to give appellant's instruction number 15, which read:

"Although the plaintiff has the duty to use due care in crossing the street, in determining whether or not plaintiff has used due care you may take into consideration the prior negligence, if any, of the defendant."

We believe that, under the evidence before us, this instruction was properly refused. The instruction does not restrict the jury's consideration to acts of negligence alleged in appellant's complaint. We believe that standing as it does, without any specific application to the facts of the case, it could have misled the jury. The jury could have construed the instruction to mean that if the appellee was negligent in any prior act, this would absolve any subsequent contributory negligence on the part of the appellant. This is, of course, incorrect.

Believing that this cause was fairly tried and a just result reached below, and finding no errors in the giving or refusal of instructions, the judgment of the trial court is affirmed.

Judgment affirmed.

Pfaff, C. J., and Bierly and Smith, JJ., concur.

NOTE.—Reported in 227 N. E. 2d 462.