## DAVIS v. BROWN.

[No. 569A90. Filed March 30, 1970.]

*Clifford G. Antcliff, Antcliff & Sargent,* Greenwood, for appellant.

*James L. Touhy, Schortemeier, Eby & Wood,* Indianapolis, for appellee.

PFAFF, J.—On January 19, 1963, the plaintiff-appellant, Maycel Davis, was driving in a westerly direction on a two-lane county road (Tracy Road), in Johnson County, Indiana. As the plaintiff-appellant approached a one-lane bridge on Tracy Road she saw the defendant-appellee, Laura Brown, approaching the same bridge from the west. Plaintiff-appellant, believing that the defendant-appellee would reach the

one-lane bridge prior to the plaintiff-appellant, stopped her car on the east side of the bridge on the north edge of the two-lane county road so that the defendant-appellee would have adequate room to cross the bridge. As the defendant-appellee exited the east end of the bridge there was a collision between the two vehicles resulting in injuries to the plaintiff-appellant.

Thereafter, the plaintiff-appellant instituted an action against the defendant-appellee seeking recovery for her injuries because of the alleged negligence of the defendant-appellee. Trial by jury resulted in a verdict favorable to the defendant-appellee, and on appeal the plaintiff-appellant now contends that the verdict of the jury is contrary to law by reason of the fact that the court committed reversible error in failing to instruct the jury on the doctrine of "last clear chance" as the plaintiff-appellant had requested.

Our most recent statement and application of the doctrine of "last clear chance" is found in the case of *National City Lines, Inc.* v. *Hurst* (1969), 145 Ind. App. 278, 250 N. E. 2d 507 (Transfer denied). In reviewing prior applications of the doctrine, Judge Hoffman noted that "[t]he limits of the doctrine are narrow, and this is as it should be." In further emphasizing the prescribed limits of the doctrine, the court quoted from *Indianapolis Traction, etc. Co.* v. *Croly* (1913), 54 Ind. App. 566, 587, 96 N. E. 973, 981 (Transfer denied), as follows:

"'* * * their chances are equal; but the motorman (defendant) actually possesses the knowledge of the danger and appreciates the necessity of taking steps to avoid the injury, while the person injured has no actual knowledge of his danger, and does not appreciate the necessity of taking steps to avoid it.'"

The present application of the doctrine, as prescribed by *National City Lines, Inc.* v. *Hurst, supra,* is limited in scope to those situations evidencing the following state of facts as set forth at page 510 of 250 N. E. 2d:

"1) The defendant had actual knowledge of the plaintiff; 2) The defendant knew of the plaintiff's perilous position; 3) The defendant had physical control over the instrumentality and had the last opportunity through the exercise of reasonable care to avoid the injury; and 4) The plaintiff was oblivious to his own danger, notwithstanding his own contributory negligence. See: *Lewis v. Mackley,* 122 Ind. App. 247, 99 N. E. 2d 442 (1952) (Transfer denied); *Lee etc.* v. *Dickerson,* 131 Ind. App. 422, 171 N. E. 2d 698 (1961); *Stallings* v. *Dick, supra; Ewing* v. *Biddle,* 141 Ind. App. 25, 216 N. E. 2d 863 (1966)."

The issue in the instant case is, therefore: Is the evidence sufficient to support an instruction on the doctrine of "last clear chance"? Before an instruction can properly be tendered the record must contain evidence which supports each of the four elements of the doctrine.

The appellant testified that she "did not realize" that her vehicle and the appellee's vehicle were going to strike each other "until the time of impact." Also, appellant stated that the appellee's vehicle was proceeding slowly through the bridge, and that her vehicle (appellant's) was stopped far enough from the bridge to permit the appellee's vehicle to pass.

The appellee testified that as she approached the one-lane bridge from the west she saw appellant's vehicle and estimated that her (appellee's) vehicle would reach the bridge first. Appellee stated that as she crossed the bridge the appellant's car slowed and pulled to the right at the east end of the bridge. Appellee stated that she was concerned about hitting the bridge railing, and upon exiting the bridge she struck a glancing blow against the appellant's vehicle.

This evidence does not support an instruction on the doctrine of last clear chance and the trial judge was correct in refusing to submit such an instruction.

In the case before us the record fails to establish that appellee knew of appellant's perilous position. This deter-

mination is not to be based upon an individual's statement of actual knowledge of another's perilous position; rather, because of the simple availability of a denial of actual knowledge of the peril, the record must contain evidence justifying the subjective imputation of actual knowledge to the alleged tort-feasor. *National City Lines, Inc.* v. *Hurst, supra.* Application of the doctrine of last clear chance contemplates a known peril which can be avoided by due care, not a peril which might have been known by the exercise of due care. *Heldt* v. *Thompson* (1927), 86 Ind. App. 270, 157 N. E. 60. Having discovered a plaintiff's peril, the doctrine imposes liability when a defendant negligently fails to avoid that peril. We cannot say, as a matter of law, that the appellant in the instant case, Maycel Davis, in stopping her vehicle on one side of a one-lane bridge, created a known peril which the appellee was legally obligated to avoid, notwithstanding any contributory negligence on the part of appellant.

As aforesaid, the doctrine is one of limited application. The instant case is one of determining liability as between the negligence of both parties and is not representative of those cases in which the doctrine of last clear chance is to be invoked.

Judgment affirmed. Costs shall be taxed against appellant.

Hoffman, P.J., Sharp and White, JJ., concur.

NOTE.—Reported in 256 N. E. 2d 585.