MARY ROSE STANSBERRY, ADMINISTRATRIX OF ESTATE OF WILLIAM F. STANSBERRY, DECEASED AND ARBET TRUCK LINES, INC. *v.* CHARLES L. CLABBERS AND SMITH'S TRANSFER CORPORATION.

[No. 1-474A71. Filed June 30, 1975.]

*William C. Moore, Steckbeck & Moore,* of Indianapolis, *John H. Caress,* of Indianapolis, for appellants.

*J. A. O'Neal, Cory Brundage, Ice Miller Donadio & Ryan,* of Indianapolis, *Russell Richardson,* of Lebanon, *Parr, Richey, Obremsky, Pedersen & Morton,* of Lebanon, *Leo Kriner, Kriner & Harmon,* of Indianapolis, *Larry S. Pugh,* of Indianapolis, for appellees.

ROBERTSON, C.J.—The plaintiffs-appellants, Stansberry and Arbet, appeal from a negative judgment entered on their claims for damages against defendants-appellees, Clabbers and Smith's Transfer, arising out of a car-truck collision.

The sole issue upon appeal is whether the trial court erred in refusing a sudden emergency instruction tendered by plaintiffs and giving a sudden emergency instruction of its own.

A review of the facts most favorable to the judgment reveals that Clabbers was driving a station wagon south on Interstate 65 in Clark County, Indiana. Shortly before dawn, Clabbers lost control of his vehicle, struck one side of a bridge railing and then careened across the highway and struck the railing on the other side. The vehicle then travelled back across the two southbound lanes and came to rest in the median, facing the direction from which it had come. At least one semi-truck passed Clabbers going south and another stopped on the bridge he had struck.

William Stansberry, a driver for Arbet Truck Lines, was operating his semi-truck a short distance behind the Clabbers'

vehicle when it careened across the highway. Stansberry applied his brakes, swerved and passed over the guardrail in the median. His truck plummeted down the bank of creek intersecting the highway and collided with the far side of the bank. Stansberry was killed. The cause of Clabber's loss of control was not established at trial.

Mary Rose Stansberry, administratrix of William Stansberry's estate, filed suit against Clabbers and Smith's Transfer for damages resulting from Stansberry's death. Arbet Truck Lines filed a claim for the damages to their vehicle as a result of the negligence of Clabbers and Smith's Transfer.

The claims were consolidated for trial which commenced in November of 1973. The jury returned a verdict against the plaintiffs and judgment was entered accordingly. Stansberry and Arbet bring this appeal.

The sole issue upon appeal concerns the court's instructions to the jury on the sudden emergency doctrine.

The court gave the following instruction:

"When one, due to the negligence of others, is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue, he is not held to the same accuracy of judgment that would be required of him if he had time for deliberation and if he exercised such care as an ordinarily prudent man would exercise when confronted with a like emergency, he is not liable for an injury which resulted from his conduct even though another course of conduct would have been more judicious or safer or might even have avoided the injury. This rule of law regarding sudden emergency applies to all three drivers involved in this case."

The instruction is a proper statement of the doctrine of sudden emergency, the elements of which were set out as follows in *Bundy* v. *Ambulance Indianapolis Dispatch, Inc.* (1973). 158 Ind. App. 99, 301 N.E. 2d 791:

"(1) That the appearance of danger or peril was so imminent that he had no time for deliberation;

(2) That the situation relied upon to excuse any failure

to exercise legal care was not created by his . . . own negligence;

(3) That his conduct under the circumstances was such as the law requires of an ordinarily prudent man under like or similar circumstances." 301 N.E.2d at 792.

However, Stansberry and Arbet contend that the instruction given was erroneous in that it instructed the jury that the sudden emergency doctrine was applicable to all the drivers involved in the case. They argue that the doctrine was not applicable to Clabbers since his loss of control caused the accident from which this suit arises.

We are of the opinion that the evidence presented in this case would support the instruction's application to Clabbers.

Clabbers testified that his car suddenly swerved and went out of control, careening across the highway. The cause of car's actions was not determined at trial. This evidence would support the application of the sudden emergency instruction to Clabbers in light of the requirements of *Bundy* v. *Ambulance Indianapolis Dispatch, Inc., supra.*

Moreover, the instruction stated that one confronted with a sudden emergency is only required to "exercise such care as an ordinarily prudent man would exercise when confronted with a like emergency." Since the instruction simply calls for the application of the reasonable man test, any error in giving the instruction based on its inapplicability to the evidence is harmless. *Spears* v. *Aylor* (1974), 162 Ind. App. 340, 319 N.E.2d 639; *Baker* v. *Mason* (1968), 253 Ind. 348, 242 N.E.2d 513.

The trial court did not err in giving the sudden emergency instruction.

Stansberry and Arbet further contend that the trial court erred in refusing to give their tendered instruction concerning sudden emergency.

The tendered instruction read as follows:

"In determining whether or not the plaintiff's decedent was guilty of contributory negligence, if you find that the Plaintiff's decedent was placed in a situation of sudden

peril not created by his own fault, and was compelled to make a choice between hazards, the fact that he would not have been injured had he chosen the other hazard would not of itself show negligence on his part. Such sudden peril would not excuse Plaintiff's decedent from exercising reasonable care for his own safety, but in determining what actions reasonable care for his own safety would have dictated you must consider the existing circumstances, taking into account the nature of the threatened danger and the extent to which the judgment of a person of reasonable prudence would have been affected by fear in such circumstances.

One traveling on a public highway by motor vehicle is required to use his faculties in an ordinarily prudent manner to discover dangers, but he is not required to anticipate extraordinary hazards, nor to constantly expect and search for unusual dangers."

This instruction also appears to be a correct statement of the law. However, in light of our holding that the court's instruction on the subject was correctly given, the trial court's refusal to give the plaintiffs' tendered instruction was not error. It is not error to refuse to give an instruction, the substance of which is adequately covered by another instruction actually given. *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783; *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525.

No error was committed by the trial court in instructing the jury.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 330 N.E.2d 123.