**George W. SIMS, Appellant,**

v.

**Lynn HUNTINGTON, Appellee.**

**No. 879S216.**

Supreme Court of Indiana.

Aug. 15, 1979.

Rehearing Denied Nov. 27, 1979.

William W. Knowles, Frederic C. Sipe, Baker, Orbison, Bales & Knowles, Indianapolis, for appellant.

Michael R. Franceschini, David F. McNamar, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Court of Appeals, Second

District. George Sims brought an action against Lynn Huntington in the Marion Circuit Court to recover damages suffered in an automobile accident which occurred on March 14, 1975. The jury returned a verdict in favor of defendant Lynn Huntington and Sims appealed, claiming the trial court erred by refusing to give a last clear chance instruction and by refusing the parties oral voir dire of the jury.

The Court of Appeals found in favor of plaintiff-appellant Sims on the issue of the trial court's refusal to give a last clear chance instruction, reversed the trial court and remanded the cause for a new trial. Defendant-appellee Lynn Huntington then petitioned this Court for transfer, claiming that the Court of Appeals erred in holding that the trial court improperly refused to give the requested instruction. We agree with petitioner and accordingly grant transfer and vacate the opinion of the Court of Appeals. We will also discuss the issue not reached by the Court of Appeals: whether the trial court erred in refusing to allow oral voir dire by counsel.

I.

The parties' and witnesses' versions of how this accident occurred vary in only minor degrees. On March 14, 1975, Kessler Boulevard in Indianapolis, Indiana, was ice-covered, and there was a light snow falling. Sims was proceeding north in his vehicle when he slid into an adjacent ditch. He testified that the furthest point into the ditch his vehicle reached was five feet from the travelled portion of the highway, and that his vehicle was still partially on the road.

Lynn Huntington and her passenger, Mary Lynn Pitts, both stated they observed Sims' vehicle in the ditch from a distance of about 150 feet and that the vehicle was completely off the travelled portion of the roadway. Huntington said that she was proceeding at twenty to twenty-five miles per hour as she approached the point where Sims' vehicle had gone into the ditch. While Sims' vehicle was not on the highway, Huntington had ample room to proceed down the road. However, as she approached Sims' car, she could see that the rear wheels were spinning, and she accordingly moved her vehicle toward the center line of the road, into the next lane, and continued to slow her vehicle as she came closer to Sims' car. She testified that she had slowed to a speed of about seven miles per hour and was moving more to the left side of the road when Sims' car suddenly shot out of the ditch and struck her car. Sims testified that he did not see the Huntington vehicle approaching. Both Huntington and Pitts testified that no part of Sims' vehicle was on the travelled portion of the roadway until it suddenly emerged from the ditch and struck her vehicle.

Plaintiff tendered his Instruction No. 1, which reads as follows:

"Ordinarily any negligence on the part of the plaintiff which contributes to his own injury (damages), will be a complete defense when he sues a defendant for injuries (damages) to his person.

However, there is one exception to this rule known as the Last Clear Chance Doctrine in which the plaintiff's original negligence is excused or is held not to be the proximate cause of the plaintiff's injuries (damages). The elements of a situation to which this doctrine applies are:

First: Both plaintiff and defendant are negligent;

Second: Plaintiff is in a position of peril from which he cannot extricate himself;

Third: Thereafter, the defendant discovers or becomes aware of the plaintiff's position of peril, and has the time and means to avoid the injury or damage but negligently fails to exercise ordinary care to do so; and

Fourth: Which failure proximately results in injury (or damages) to a plaintiff's person or property.

If you find from a consideration of all the evidence that these elements have been proved then the plaintiff's original negligence will not defeat a recovery."

The trial court refused this instruction and did not give any other instruction on the last clear chance doctrine.

**138**

For the last clear chance doctrine to be operative, the plaintiff, through his own negligence, must have placed himself in a position of peril from which he cannot extricate himself, or to which he is oblivious. In addition, the defendant must know of the plaintiff's perilous position, and must have the last clear chance to void the injury to the plaintiff. The defendant then must have failed to exercise due care to prevent the injury. *Terre Haute, Indianapolis & Eastern Traction Co. v. Stevenson*, (1919) 189 Ind. 100, 123 N.E. 785; *McKeown v. Calusa*, (1977) Ind.App., 359 N.E.2d 550; *National City Lines v. Hurst*, (1969) 145 Ind.App. 278, 250 N.E.2d 507; *Stallings v. Dick*, (1965) 139 Ind.App. 118, 210 N.E.2d 82.[1] As the Court of Appeals stated: "The last clear chance contemplates a known peril which can be avoided by due care, not a peril which might have been known by the exercise of due care. In other words, it is the negligent failure to avoid a discovered peril that makes [the doctrine] applicable . . . ." *Heldt v. Thompson*, (1927) 86 Ind.App. 270, 271, 157 N.E. 60. *See Bixenman v. Hall*, (1967) 141 Ind.App. 628, 231 N.E.2d 530. However, knowledge of the plaintiff's peril is not, of itself, sufficient to impose liability.

In addition, there is implicitly an element of time involved. In order for the doctrine to apply, the peril must be known "in time to clearly afford an opportunity [for the defendant] to avoid injuring the one in peril." *Terre Haute, Indianapolis & Eastern Traction Co. v. Stevenson*, (1919) 189 Ind. 100, 105, 123 N.E. 785, 786. *See Bixenman v. Hall, supra*. In the case before us, the elements of knowledge and time were both absent.

We now turn to the application of this doctrine to the facts before the trial judge as he gave his final instructions to the jury. Taking any of the versions of the incident, it appears the trial court properly refused to give the last clear chance instruction.

Sims' position throughout the trial was that he did not see defendant Huntington's vehicle coming, that he backed his vehicle at a reasonable speed from the ditch, and that he then stopped his vehicle, "put it in drive," and was immediately struck by the Huntington vehicle. There is no question from anyone's version of the accident that Sims backed from the ditch onto the travelled portion of the highway at a point where the defendant Huntington was very close to him.

The evidence is uncontradicted that Huntington's lane was clear and was not being blocked in any way by Sims' vehicle. This collision would not have occurred if Sims had remained in the ditch and allowed Huntington to proceed down the highway. This is true whether or not a portion of his vehicle was on the travelled portion of the road. Therefore, while Sims remained lodged in the snow in the ditch, he was not in a position of peril from which he could not extricate himself or of which defendant Huntington had knowledge.

Sims first placed himself in a position of peril, with respect to Huntington, when he backed his car onto the roadway into Huntington's path. At that point she was so close to him that it was then impossible to avoid a collision. Thus, by the time she gained the requisite knowledge, she did not have a sufficient opportunity "to avoid injuring the one in peril." *Terre Haute, Indianapolis & Eastern Traction Co. v. Stevenson, supra.*

It may be argued that Huntington was negligent in not recognizing that Sims would negligently put himself in this position. This argument is without merit. First, it is well-settled that a motorist has the right to assume the other person will obey the law and will exercise due and reasonable care. *E. g., Lincoln Operating*

1. *Ernst v. Sparacino*, (1978) Ind.App., 380 N.E.2d 1271, seems to indicate that the plaintiff must, in all cases, be oblivious to his own danger, and that this element is not satisfied by a situation where the plaintiff is aware of his position but is unable to extricate himself from the peril. Such a holding is contrary to *McKeown, supra, Hurst, supra*, and *Stallings, supra*, and is, to that extent, incorrect.

*Co. v. Gillis*, (1953) 232 Ind. 551, 114 N.E.2d 873; *Hi-Speed Auto Wash, Inc. v. Simeri*, (1976), Ind.App., 346 N.E.2d 607. Second, the evidence reveals that Huntington did consider the possibility that Sims would back his car onto the highway. She testified that as she drew closer to Sims' car and recognized that the wheels of his vehicle were still spinning, she moved further and further to the left of the road to give him more room.

■ Even if we assume, as the jury might have found, that Huntington was negligent in not taking more precautions to attempt to avoid an accident in the event Sims did come onto the highway, a last clear chance instruction would not have been warranted. This would be true in spite of Sims' position that he backed onto the highway and stopped his vehicle before being struck. This is simply a contributory negligence question which the jury obviously resolved in favor of the defendant. *Heldt v. Thompson, supra. See also Terre Haute, Indianapolis & Eastern Traction Co. v. Stevenson, supra.*

■ None of the facts give rise to the possible conclusion that plaintiff was in a position of peril of which defendant was aware with sufficient time to have had the last clear chance to avoid. Before an instruction can be properly tendered there must be evidence which supports each of the four elements of the doctrine. *Davis v. Brown*, (1970) Ind.App., 256 N.E.2d 585. *See Elgin, Joliet & Eastern Ry. Co. v. Hood*, (1975), Ind.App., 336 N.E.2d 417. The trial court properly refused to give this instruction.

## II.

■ Petitioner claims the trial court erred in refusing counsel an opportunity to orally interrogate jurors. This Court has previously decided this issue. Noting that the trial judge has wide discretion in arranging and conducting a proper voir dire, we held that Ind.R.Tr.P. 47(A) does not require verbal questioning by the parties. *Tewell v. State*, (1976), Ind., 339 N.E.2d 792, 796; *White v. State*, (1975), 263 Ind. 302,

330 N.E.2d 84. Attorneys for the parties are permitted to supplement the examination of prospective jurors by the trial court in any manner, such as written questions submitted to the trial judge, that reasonably produced answers to their questions. *See Hart v. State*, (1976), Ind., 352 N.E.2d 712. *See also Anderson v. State*, (1977), Ind.App., 359 N.E.2d 594.

We reverse the Court of Appeals decision as to the last clear chance issue and affirm the judgment of the trial court.

All Justices concur.