**Ethel CARTWRIGHT, Executrix of the Estate of Leonard Cartwright, Deceased, Plaintiff-Appellant,**

**v.**

**Lorin G. HARRIS, Defendant-Appellee.**

**No. 2–877–A–327.**

Court of Appeals of Indiana, Fourth District.

March 4, 1980.

Rehearing Denied March 28, 1980.

George Clyde Gray, Leo L. Kriner, Indianapolis, for plaintiff-appellant.

William M. Osborn, and Thomas J. McKeon, Osborn & Hiner, Indianapolis, for defendant-appellee.

MILLER, Presiding Judge.

This appeal is brought by the plaintiff, Ethel Cartwright, the executrix of the Estate of her husband, Leonard Cartwright. The Estate brought an action against defendant Lorin Harris claiming damages for the wrongful death of Leonard Cartwright resulting from an automobile accident. The jury returned a verdict in favor of Harris. The Estate now appeals, claiming the trial court erred in refusing to give three of its tendered instructions concerning (1) a driver's right to assume other drivers will obey the law and exercise due and reasonable care, (2) the doctrine of sudden emergency or peril and (3) the doctrine of last clear chance.

We affirm.

The accident in question occurred in Indianapolis at approximately 5:00 A.M. on No-vember 17, 1973 when Cartwright's Volkswagon struck the rear of Harris' car. Harris testified he was heading westbound on Interstate 465 South, a six lane dual highway, when he began experiencing car trouble which limited his speed to approximately 10 to 20 miles per hour. He claimed both his car lights and turn signal were on and his car was being driven partially on the berm and partially on the outside lane at the time of the accident. Further, his car had a reflectorized license plate. He acknowledged he had been without sleep for approximately 21 hours and had consumed eight beers in the seven or eight hours prior to the collision. Finally, he testified there was no traffic in the westbound lane within one-half mile when the collision occurred; and, at about the moment of impact, he saw what he believed to have been the decedent's headlights.

Other testimony revealed the decedent's Volkswagon struck the left rear of Harris' car leaving ten feet of skid marks after the site of impact. A deputy sheriff who appeared at the scene shortly after the accident testified the road was straight and very dry, and although it was dark at the time, the decedent should have had an unobstructed view of the highway for a half mile before the accident. When the deputy arrived, the lights of both cars were off. The Estate presented evidence that, some three years later, its expert examined the remains of the rear lights of Harris' car (then located in a junkyard) and concluded the lights, assuming they were the same lights that were in the car at the time of the accident, were not turned on at the time of impact.

The highway had posted maximum and minimum speeds of 65 and 45 miles per hour when the accident occurred.

I. *Tendered Instruction Number 4.*

The Estate claims the trial court improperly refused the following instruction:

"Mr. Cartwright had a right to assume that the defendant would exercise due care in the defendant's conduct toward him, until Mr. Cartwright had notice to

the contrary. Mr. Cartwright was not required to anticipate the negligence of the defendant, if any."

The Estate first maintains this instruction is a correct statement of the law. *See,* 21 I.L.E. Negligence § 83 (1959). Second, it claims correctly that evidence was introduced indicating Harris was driving below the posted minimum speed limit, partially in Cartwright's lane of travel and without lights or an operating turn signal.

■ It is the trial court's duty to instruct the jury so it can fairly understand the law as it should be applied to the facts of the case. Ind. Rules of Procedure, Trial Rule 51(B); *Lovely v. Keele,* (1975) 166 Ind.App. 106, 333 N.E.2d 866. However, if an instruction could mislead or confuse the jury, it is not error for the court to refuse it. *Brewer v. State,* (1969) 253 Ind. 154, 252 N.E.2d 429; *Arnold v. Parry,* (1977) Ind. App., 363 N.E.2d 1055. Further, an instruction may be misleading if it is one-sided. *See, White v. Beem,* (1881) 80 Ind. 239; *Kroger Company v. Haun,* (1978) Ind.App., 379 N.E.2d 1004.

■ When the case was presented to the jury for final determination, it became its duty to determine the possibility of both the negligence of Harris and the contributory negligence of Cartwright. We recognize the well-settled rule that every motorist on the highway has the right to assume other drivers are exercising due care and obeying the law. *Sims v. Huntington,* (1979) Ind., 393 N.E.2d 135. However, we must take into account that contributory negligence is determined and governed by the same standards, tests and rules as those for determining the negligence of the defendant. *Kroger Company v. Haun, supra.* Thus, although each party is entitled to a jury instruction upon his theory of the case, *Indianapolis Horse Patrol, Inc. v. Ward,* (1966) 247 Ind. 579, 217 N.E.2d 626, we believe the jury in this case, in interpreting the princi-

ple enunciated in the tendered instruction, mistakenly could have concluded that only Cartwright and not Harris had the right to assume other drivers on the highway were operating their vehicles without culpable inattentiveness and in obeyance of the laws of the road.

■ It is our opinion under the facts of this case that the assumption set forth in the tendered instruction was applicable to the determination of Harris' negligence as well as that of Cartwright and, therefore, the tendered instruction was properly refused as being misleading.[1]

## II. *Tendered Instruction Number 5.*

The Estate argues the trial court erroneously refused the following instruction:

If you find that Mr. Cartwright was placed in a position of danger *by the negligent act of the defendant* and that this position of peril required Mr. Cartwright to take immediate and rapid action without time to deliberate as to the better course to pursue, then you should not hold Mr. Cartwright as strictly accountable as one situated under more favorable circumstances. Contributory negligence is not necessarily chargeable to one on his failure to exercise the greatest prudence or best judgment in such a case. All that is required of a person suddenly placed in peril is that he act only with that degree of care which an ordinarily prudent person would exercise under like conditions. (emphasis added)

Harris contends this instruction was properly refused on the basis that it fails to include an essential element, that is, that Cartwright did not create the "position of danger" by his own negligence. We agree. There is no question that such is a required element. *Taylor v. Fitzpatrick,* (1956) 235 Ind. 238, 132 N.E.2d 919, 924; *Board of Commissioners of Delaware County v. Briggs,* (1975) Ind.App., 337 N.E.2d 852;

---

1. In *Stull v. Davis,* (1955) 125 Ind.App. 565, 127 N.E.2d 130 and *Scott v. Krueger,* (1972) 151 Ind.App. 479, 280 N.E.2d 336, instructions very similar to the one tendered by Cartwright in this case were held not to be misleading or mandatory. However, in each case, the jury was further instructed generally that *every motorist* on the highway is not bound to anticipate and safeguard against violations of law or negligent operation of other motorists.

*Bundy v. Ambulance Indianapolis Dispatch, Inc.*, (1973) Ind.App., 301 N.E.2d 791. In *Taylor, supra*, at p. 924 of 132 N.E.2d, the evidentiary requirements necessary to invoke the doctrine of sudden emergency or peril were stated thusly:

(1) That the appearance of danger of peril was so imminent that he had no time for deliberation. *Hedgecock v. Orlosky*, (1942), *supra*, 220 Ind. 390, 397, 44 N.E.2d 93;

(2) That the situation relied upon to excuse any failure to exercise legal care was not created by his (appellant's) own negligence. *Dunbar v. Demaree*, 1936, 102 Ind.App. 585, 601, 2 N.E.2d 1003; *Redd v. Indianapolis Railways*, 1951, *supra*, 121 Ind.App. 472, 97 N.E.2d 501;

(3) That his conduct under the circumstances was such as the law requires of an ordinarily prudent man under like or similar circumstances. *Gamble v. Lewis*, 1949, *supra*, 227 Ind. 455, 85 N.E.2d 629; *Zoludow v. Keeshin Motor Express*, 1941, 109 Ind.App. 575, 34 N.E.2d 980.

In *Scott v. Krueger, supra*, this Court held an instruction on the doctrine must contain, as a necessary element, the fact that the party relying thereon did not create the peril or emergency by his own negligence. This requirement is further defined in 65A C.J.S. *Negligence* § 123 (1966) as follows:

However, the doctrine applies only where the person claiming the benefit of it is himself without fault, and it may not be invoked where the peril or emergency was caused or contributed to by plaintiff's negligence, or was occasioned by concurrent negligence of the person injured and the defendant.

*See: Sentell v. Higby*, (1978) 87 Wis.2d 44, 273 N.W.2d 780, 784.

■ Here, the jury was instructed the doctrine applied if Cartwright was placed in a perilous, emergency situation "by the negligent act of the defendant." No mention was made of the necessary element that the emergency situation was not in any way created by Cartwright's own negligence. We believe the law is clear that, before a party is entitled to the benefits of the sudden emergency doctrine, his conduct must be free from negligence which contributed to the creation of the emergency itself.

Under the facts of this case, due to the circumstances surrounding the collision, it is conceivable the jury could have concluded that a sudden emergency arose, but such was occasioned by the concurrent negligence of Cartwright and Harris. It was therefore essential that an instruction on this doctrine include language indicating Cartwright, the party seeking its protection, had no part in creating the peril.[2]

■ The trial court correctly refused the instruction.

III. *Tendered Instruction Number 6.*

Finally, the Estate contends the court erroneously refused to give its tendered instruction concerning last clear chance which reads:

INSTRUCTION No. 6

Ordinarily any negligence on the part of the plaintiff which contributes to his own injury, will be a complete defense when he sues a defendant for injuries to his person.

However, there is one exception to this rule known as the Last Clear Chance Doctrine in which the plaintiff's original

**2.** Admittedly, in *Stansberry v. Clabbers*, (1975) 164 Ind.App. 594, 330 N.E.2d 123, this Court held an instruction similar to the one in question was a proper statement of the doctrine of sudden emergency. The instruction began:

"When one, due to the negligence of others, is confronted with a sudden emergency without sufficient time to determine with certainty the best course to pursue . . . ."

However, the instruction was not challenged by the appellant as an incomplete or incorrect statement of the law. Rather, it was urged that there was no evidence in the record to support giving the instruction. Later in the opinion, the Court noted another tendered instruction on the doctrine of sudden emergency containing the language

"[i]f you find that the Plaintiff's decedent was placed in a situation of sudden peril not created by his own fault"

also appeared to be a correct statement of the law.

negligence is excused or is held not to be the proximate cause of the plaintiff's injuries. The elements of a situation to which this doctrine applies are:

First: Both plaintiff and defendant are negligent;

Second: Plaintiff is in a position of peril from which he cannot extricate himself;

Third: Thereafter, the defendant discovers or becomes aware of the plaintiff's position of peril, and has the time and means to avoid the injury but negligently fails to exercise ordinary care to do so; and

Fourth: which failure proximately results in injury to plaintiff's person or property.

If you find from a consideration of all the evidence that these elements have been proved then the plaintiff's original negligence will not defeat a recovery.[3]

From our examination of the record, we conclude there was no evidence of "actual" knowledge by Harris of the alleged peril and, absent such evidence of an essential element of the last clear chance doctrine, the trial court was correct in refusing the tendered instruction. *Sims v. Huntington, supra, Elgin, Joliet & Eastern Ry. Co. v. Hood,* (1975) Ind.App., 336 N.E.2d 417; *Davis v. Brown,* (1970) 146 Ind.App. 465, 256 N.E.2d 585.

Our Supreme Court in *Sims v. Huntington, supra,* 393 N.E.2d at 138 enunciated the following requirements which must be present before the doctrine of last clear chance is to be applied:

> For the last clear chance doctrine to be operative, the plaintiff, through his own negligence, must have placed himself in a position of peril from which he cannot extricate himself, or to which he is oblivious. In addition, the defendant must know of the plaintiff's perilous position, and must have the last clear chance to

void the injury to the plaintiff. The defendant then must have failed to exercise due care to prevent the injury. *Terre Haute, Indianapolis & Eastern Traction Co. v. Stevenson,* (1919) 189 Ind. 100, 123 N.E. 785; *McKeown v. Calusa,* (1977) Ind. App., 359 N.E.2d 550; *National City Lines v. Hurst,* (1969) 145 Ind.App. 278, 250 N.E.2d 507; *Stallings v. Dick,* (1965) 139 Ind.App. 118, 210 N.E.2d 82. As the Court of Appeals stated: "The last clear chance contemplates a known peril which can be avoided by due care, not a peril which might have been known by the exercise of due care. In other words, it is the negligent failure to avoid a discovered peril that makes [the doctrine] applicable . . . ." *Heldt v. Thompson,* (1927) 86 Ind.App. 270, 271, 157 N.E. 60. *See Bixenman v. Hall,* (1967) 141 Ind. App. 628, 231 N.E.2d 530.

What constitutes proper and sufficient evidence of actual knowledge was explained in *National City Lines, Inc. v. Hurst,* (1969) 145 Ind.App. 278, 250 N.E.2d 507, 510 wherein the Court stated:

> Appellants raise a consideration relative to points one and two of the foregoing analysis. They suggest that "actual" knowledge of both the decedent and his peril on the part of the defendant must be determined on an objective basis, and they further submit that since the defendant denied seeing the decedent outside his door, or running alongside his bus, that that precludes an objective determination of his "actual" knowledge. They further suggest that this implies that a test of "should have known of the decedent and his peril" was employed. We cannot agree with this line of reasoning.
>
> The fact is that "actual" knowledge, like "premeditation" in criminal actions, is very seldom admitted by a defendant

---

**3.** This instruction is taken verbatim from Indiana Pattern Jury Instructions, Negligence § 5.45 (1966). This pattern instruction should have been modified to comply with the facts of this case. Instead of the word "plaintiff", the words "plaintiff's decedent" should have been inserted. However, we do not consider this instruction so misleading as to preclude its submission to the jury if it otherwise correctly stated the law, was supported by the evidence and not covered by other instructions.

in a civil action, and thus the question is quite often left to the subjective determination of the jury, to be imputed by a preponderance of evidence. Thus, the question is not whether the defendant confessed "actual" knowledge, but instead, whether there was sufficient evidence to justify the jury in finding by a subjective imputation that the defendant had "actual" knowledge.

In *National City Lines, Inc.*, the plaintiff's decedent was crushed under the rear wheel of a bus after he attempted to board the bus while it was moving. Although the bus driver denied knowing the decedent was attempting to board the bus, numerous other witnesses testified the decedent was pounding on the door with his fists and thereafter running alongside the bus. The driver also acknowledged that he was aware of the decedent's presence at the intersection. The Court concluded the foregoing testimony established facts from which the jury could have concluded the driver, despite his denial, did have actual knowledge of the decedent's peril.

■ Here, unlike *National City Lines, Inc.*, there was no independent evidence which could have established Harris' actual knowledge of Cartwright's imminent peril. Harris denied actual knowledge of Cartwright's presence and only recalled seeing a flash of headlights at impact. We are faced with facts disclosing a rear-end collision did occur but those facts alone do not, in our opinion, establish actual knowledge on the part of Harris. However, the Estate urges us to consider that Harris' overall credibility as a witness had been impeached by reason of his failure to account for the amount of time it took him to drive around the interstate or to satisfactorily explain why he was in the area. We do not believe an attack on the general credibility of a defendant who denies actual knowledge is sufficient to create a reasonable inference that he did, in fact, have such knowledge. We have already noted that a defendant's self-serving denial of knowledge does not preclude the jury from finding a preponderance of other evidence imputing such

knowledge to him. His alleged lack of credibility does not satisfy the requirement that the record must contain other evidence "justifying the subjective imputation of actual knowledge to the alleged tort feasor". *Davis v. Brown, supra,* 256 N.E.2d at 587; *National City Lines Inc. v. Hurst, supra.*

■■ The Estate also suggests the circumstances surrounding the rear-end collision dictate that Harris should have had actual knowledge of Cartwright's peril. This argument represents no more than a claim that Harris might have been negligent in failing to observe the possible perilous situation of Cartwright. However, we state again that the last clear chance doctrine is applicable only in situations where the peril is known and can be avoided by due care, and not where the peril might have been known if due care were exercised. *Davis v. Brown, supra.* Simply stated, if a defendant merely might have discovered the plaintiff's predicament by proper vigilance but did not actually become aware of it, he obviously cannot be said to have had the last clear chance to avoid the accident.

■ In conclusion, the record does not disclose evidence sufficient to show actual knowledge on the part of Harris and the trial court correctly refused the tendered instruction for this reason.

The judgment of the trial court is affirmed.

CHIPMAN, J., concurs.

YOUNG, J., dissents, with opinion.

YOUNG, Judge, dissenting.

I dissent.

Appellant's tendered instruction number 4 should have been given to the jury as it was applicable to the facts of this case and related to appellant's theory of the manner in which the accident occurred. The fact that it was phrased subjectively did not make it misleading.

Likewise, appellant was entitled to have an instruction on the doctrine of last clear chance. There was sufficient evidence

presented by appellant to require giving that rule of law and from which the jury might reasonably infer that appellee's driver had actual knowledge of the decedent's peril.

Parties are entitled to instructions of law which are applicable to the theory of their claim. It is unfair to do otherwise. *Buckner v. Wilson*, (1967) 141 Ind.App. 272, 227 N.E.2d 462.

I would reverse and order a new trial.