**Dwight ASH, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–283A62.**

Court of Appeals of Indiana,
Fourth District.

Nov. 2, 1983.

union chose not to appeal.

J.A. Cummins, Public Defender of Delaware County, Muncie, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

Dwight Ash (Ash) appeals his jury conviction for attempted rape, a class B felony under IND.CODE 35–42–4–1 and IND. CODE 35–41–5–1, and burglary, a class B felony under IND.CODE 35–43–2–1.

We affirm.

ISSUE

Did the trial court err by altering the content of final instruction number 4 during final argument?

FACTS[1]

On June 15, 1982, Ash was charged with attempted rape and burglary. The attack began while the victim was asleep. The jury found Ash guilty on both counts. He was sentenced to ten years imprisonment on each count, to be served concurrently, and fined $10,000 on each count. He appeals.

DISCUSSION AND DECISION

Ash argues the trial court erred by altering the contents of final instruction number 4 during final argument. After Ash's attorney finished his final argument and as the State was beginning rebuttal, it attempted to read a section of the rape statute to the jury. Ash's objection the statute was outside the scope of his argument was overruled. During a recess, the court informed both attorneys it was altering the content of the final instruction which contained the rape statute. In its preliminary instruction, the court had read only the portion of that statute it considered relevant. Specifically, the court's preliminary instruction read

A person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when: 1. The other person is compelled by force or imminent threat of force; commits rape, a class B Felony.

In its final instruction number 4, the court added subsection 2 of the statute which states:

The other person is unaware that the sexual intercourse is occurring, . . . .

When Ash's attorney objected, the court stated it would read both sections in its final instructions, allowed the State to read both sections to the jury in its rebuttal, and permitted Ash's attorney to readdress the jury after rebuttal.

Essentially, Ash complains the altering of the instruction to include the "unaware" section at that late date changed the theory of the State's case and did not comply with the requirements of Ind. Rules of Procedure, Trial Rule 51(B) and (C), Ind.Rules of Criminal Procedure, Rule 8(B) and IND. CODE 35–1–35–1.[2] He argues each of these require the final instructions to be completed prior to any final argument and, inferentially, prohibit alteration of those instructions once final argument begins. The State argues the completion of the instruc-

---

1. We are compelled to note Ash's brief is unduly verbose. The State of the Case section is 40 pages long (as compared to 8 pages of Argument) and includes a verbatim statement of every instruction given, both preliminary and final, as well as the motion to correct errors and supporting memorandum. *See* Ind.Rules of Procedure, Appellate Rule 8.3(A); *Moore v.* *State,* (1981) Ind.App., 426 N.E.2d 86. Such briefing tends to cloud, rather than clarify, the issues.

2. This statute was repealed effective September 1, 1982, and recodified as IND.CODE 35–37–2–2.

tion did not alter the theory of the case and Ash has failed to prove prejudice. We agree with the State.

It is well settled the instruction of the jury is within the sound discretion of the trial court and will be reversed only for an abuse of that discretion. *Buttram v. State,* (1978) 269 Ind. 598, 382 N.E.2d 166. Generally, it is the trial court's duty to fully instruct a jury. *See generally Cartwright v. Harris,* (1980) Ind.App., 400 N.E.2d 1192. Any of the parties may request the instructions be in writing. IC 35–1–35–1 (Fifth). Furthermore, the preferred procedure is for final instructions to be completed prior to the beginning of final argument. *See* Ind. Rules of Procedure, Criminal Rule 8(B). While Ash argues the trial court erred by altering the final instruction after final argument began, any error was harmless under these facts.[3]

Here, the information alleged and the testimony confirmed the attack began while the victim was asleep.[4] Ash cannot claim surprise by the trial court's instruction of the jury on the "unaware" section of the rape statute. He has failed to show prejudice. Furthermore, the court allowed Ash the opportunity to object to the instruction, prior to its being given to the jury. While Ash objected on procedural grounds, i.e. the timing of the alteration, he did not object to the instruction's substance. He was also permitted additional time for further final argument after the State finished its final argument. The error, if any, was harmless.

Affirmed.

MILLER and YOUNG, JJ., concur.

---

3. We note this situation could have been avoided had the State brought the incompleteness of the trial court's preliminary instruction to its attention then, or prior to final argument.

4. The information provided in part:

Dwight Ash ... did ... engage in conduct constituting a substantial step toward the commission of the crime of rape; to-wit: confront ... [the victim] while she was asleep ....

The victim testified in part:

I was laying on the couch and just dozed off to sleep.

